## Appeal of AMERICAN PHOTO PLAYER CO.

Docket No. 1290.  Submitted June 12, 1925.  Decided September 7, 1925.

Bad debts determined upon the evidence.

*Louis H. Brownstone, Esq.*, for the taxpayer.
*John D. Foley, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

Taxpayer appeals from the determination of a deficiency of $13,257.52 income and profits taxes for 1920, and alleges error by the Commissioner in disallowing the deduction of the sum of $21,780.28 claimed on the taxpayer's return as bad debts.

### FINDINGS OF FACT.

The taxpayer is a California corporation with its principal office in Berkeley. For several years prior to 1920 the taxpayer was engaged in the manufacture and sale of musical instruments, mainly pipe organs and automatic instruments for theaters. The principal instrument manufactured by the taxpayer was known as a photo player, which is a combination of a piano with two unit cases which contain pipes similar to a pipe organ, and is played automatically by roll from a piano or can be played manually. It is built in three units and can be installed very easily and quickly and easily removed.

The instruments were sold on the installment basis under a form of lease of the instruments by which title was retained in the taxpayer. The initial payment on the contract usually amounted to about 10 per cent and the balance was paid as rental over a period of from 20 to 30 months. The books of the taxpayer were kept on an accrual basis and the total amount of the sales price of each instrument was included in taxpayer's income-tax return for the year in which the sale was made.

It was the custom of the taxpayer, whenever any of the purchasers did not make the agreed payments, to attempt by all practicable ways to secure the performance of the contract, and only as a last resort did it reclaim the instruments delivered under the lease contract. When such instruments were recovered the taxpayer credited the account of the purchaser with the cost price of the instrument to the company; the net amount remaining unpaid was charged off the books of the company or, if the result was a credit, was credited as income on the books of the company. During the year 1920 the taxpayer recovered 19 such instruments and the net amount charged off was $9,248.87. No part of any of such sums was collected by the taxpayer in 1920 or has since been collected.

During the year 1920 the taxpayer took back one of its instruments on an exchange and allowed $4,000 for the instrument received, which instrument, however, had cost the taxpayer only $2,200 and which it placed back in stock at the sum of $2,200. The transaction was in effect a reduction of $1,800 in the sales price of the new instrument, but was accounted for by charging this sum off as a loss.

Taxpayer also deducted the sum of $1,827.49 as bad debts arising from a large number of unsecured accounts. No evidence was offered showing what efforts, if any, had been made to collect such accounts or that they had been ascertained to be worthless in 1920.

Taxpayer also deducted in its return the sum of $16,903.92 as sums advanced to salesmen for drawing accounts and expenses in excess of the commissions earned. In preparing its returns taxpayer had deducted only the commissions actually earned by the salesmen. The amount now claimed is the amount in excess of the commissions so earned and charged off as expenses of the business. The advances to the salesmen were made in 1917 and 1918, with the exception of $687.40 advanced to one salesman in 1919. All of such salesmen had left the employ of the company prior to 1920, but no satisfactory evidence was offered from which we can determine that such debts became worthless in the year 1920.

### DECISION.

The deficiency as determined by the Commissioner is allowed in part and disallowed in part. The taxpayer should be allowed to deduct from its net income as computed by the Commissioner the sums of $9,248.87 and $1,800. Final determination will be settled on 15 days' notice, in accordance with Rule 50.

### OPINION.

PHILLIPS: From the evidence submitted in this appeal we are satisfied that taxpayer had actually ascertained that it was not possible to collect upon the 19 sales in which the instruments were recaptured during 1920.

The $1,800 " loss " claimed by the taxpayer is merely a matter of bookkeeping. Although it allowed $4,000 upon an instrument upon an exchange and returned that amount as income received, it received, in reality, only $2,200, which was the original cost to it of the instrument. This might have been reflected on taxpayer's books in any one of several ways, but the taxpayer chose to show it as a loss. The fact is that taxpayer realized $1,800 less from the sale of the second instrument than it reported in its return as the sales price.

So far as the advances to the salesmen in excess of commissions are concerned, the evidence is very hazy and general, and there is

nothing from which we can determine that such advances became worthless in 1920 as distinguished from prior or future years. It is not sufficient that such amounts are written off in the taxable year; taxpayer must show that they were ascertained to be worthless in that year.

On reference to the Board, ARUNDELL took no part in the consideration.