*420 OPINION.
Phillips:
From the evidence submitted in this appeal we are satisfied that taxpayer had actually ascertained that it was not possible to collect upon the 19 sales in which the instruments were recaptured during 1920.
The $1,800 “ loss ” claimed by the taxpayer is merely a matter of bookkeeping. Although it allowed $4,000 upon an instrument upon an exchange and returned that amount as income received, it received, in reality, only $2,200, which was the original cost to it of the instillment. This might have been reflected on taxpayer’s books in any one of several ways, but the taxpayer chot s to show it as a loss. The fact is that taxpayer realized $1,800 less from the sale of the second instrument than it reported in its return as the sales price.
So far as the advances to the salesmen in excess of commissions are concerned, the evidence is very hazy and general, and there is *421 nothing from which we can determine that such advances became worthless in 1920 as distinguished from prior or future years. It is not sufficient tliat such amounts are written off in the taxable year; taxpayer must show that they were ascertained to be worthless in that year.
On reference to the Board, AruNdell took no part in the consideration.